UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jane Doe, | Case No. 21-cv-1754 (JRT/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Innovate Financial, Inc., Michael Nakashima, ProEquities, and Kelly Nakashima, | |
| Defendants. | |

On November 24, 2021, the Court issued an Order for Plaintiff to show cause in writing as to why she had not complied with Federal Rule of Civil Procedure 4 and effected service of the summons and Complaint on Defendant ProEquities ("ProEquities"). (ECF No. 30.) The same day, Plaintiff responded by filing an Affidavit of Service, which she contends reflects proper service on ProEquities. (ECF No. 31.) Through subsequent email correspondence with the Court, Plaintiff and ProEquities disputed whether ProEquities was properly served.

On December 7, 2021, the Court issued another Order directing the parties to take "appropriate action" to move this case forward given the dispute over whether ProEquities had been properly served. (ECF No. 32 at 2.) Plaintiff subsequently filed an Application for Entry of Default and supporting Declaration. (ECF Nos. 33, 34.) Plaintiff continues to argue that ProEquities was properly served, and thus its failure to timely respond entitles Plaintiff to an entry of default. (*Id.*)

ProEquities opposes Plaintiff's Application. (ECF No. 35.) While it continues to

1

contest the sufficiency of service, ProEquities states it will forgo motion practice pursuant to 12(b)(4) and requests an enlargement of time to respond to Plaintiff's Complaint. (*Id.* at 1-2.)

Without commenting on the sufficiency of service, the Court will grant ProEquities' request for additional time to respond to the Complaint and will order[1] the Clerk of Court to deny Plaintiff's application. As this Court has previously stated, it has broad discretion in handling pretrial procedure. (ECF No. 32 at 1.) Further, "[t]here is a judicial preference for adjudication on the merits." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998) (internal quotation omitted). As ProEquities has promptly opposed Plaintiff's request for an entry of default, it has demonstrated that it wishes to defend this case on the merits. *See id.* Pursuant to this Court's obligation to "secure the just, speedy, and inexpensive determination" of this case, it will direct ProEquities to answer or otherwise respond to Plaintiff's Complaint on or before January 7, 2022. Fed. R. Civ. P. 1.

Therefore, based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. ProEquities shall answer or otherwise respond to Plaintiff's Complaint on or before **January 7, 2022**.

2. The Clerk of Court is directed to deny Plaintiff's Application for Entry of Default.

3. All prior consistent orders remain in full force and effect.

---

[1] The Court has considered whether it has the authority to resolve the current dispute by way of an order and determines that it does. Both federal statutes and the Federal Rules of Civil Procedure guide magistrate judges in the scope of their authority. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. The authority of a magistrate judge to determine a matter by way of an order turns generally upon whether a motion or request is considered "dispositive" or "nondispositive." *Robinson v. Eng*, 148 F.R.D. 635, 639 (D. Neb. 1993) (citing 28 U.S.C. § 636(b)(1)(A)). Though a motion for default judgment is a dispositive motion, an application for entry of default pursuant to Federal Rule of Civil Procedure 55(a) is nondispositive. *See Oppenheimer v. City of Madeira, Ohio*, 336 F.R.D. 559, 561-62 (W.D. Ohio 2020).

4. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: December  14 , 2021

        *s/Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Doe v. Innovate Fin., Inc. et al.*
Case No. 21-cv-1754 (JRT/TNL)